United States District Court
Southern District of Texas
**ENTERED**
November 05, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MUSTAFA IQBAL, | § | CIVIL ACTION NO. |
| Petitioner, | § | 4:25-cv-05217 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| PAUL MCBRIDE, *et al*, | § | |
| Respondents. | § | |

## ORDER

Petitioner Mustafa Iqbal filed a petition for writ of *habeas corpus* on October 31, 2025. Dkt 1. He was born in Qatar but is a national and citizen of Pakistan. Id at ¶15.

Petitioner was ordered removed to Pakistan in 2009 due to a handgun conviction but was never removed. Ibid. He was released on parole in April 2014 and has reported to ICE regularly since then. Id at ¶¶16–17. On October 28, 2025, while reporting for parole, he was taken into detention by ICE, where he remains. Id at ¶18.

Petitioner argues that his detention is unlawful under the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act. Id at ¶¶26–29. He also seeks attorney fees under the Equal Access to Justice Act. Id at ¶30. He specifically argues that his detention is unlawful because ICE continues to detain him "even though it is now clear that Respondents cannot remove him." Id at ¶21. Petitioner doesn't indicate why it's clear Respondents can't remove him other than the fact that he hasn't been removed since 2009.

No motion for a temporary restraining order or other emergency relief is pending. But the petition requests immediate release of Petitioner. Id at 6, ¶3.

Immediate release isn't warranted with entry of this Order. Petitioner hasn't provided sufficient evidence to warrant release before Respondents are given notice and the opportunity to respond. Nor has he met the requirements of Rule 65(b)(1) of the Federal Rules of Civil Procedure, which are mandatory prior to issuance of *ex parte* injunctive relief.

But Petitioner requests and is entitled to a show cause order. Dkt 1 at 6, ¶2.

Respondents are thus ORDERED to show cause with a filing that establishes the propriety of Petitioner's continued detention. Such filing must be made by November 7, 2025, absent extension.

It doesn't appear that counsel for Respondents have yet been served or appeared. Counsel for Petitioner is thus ORDERED to provide immediate service of this Order by email directed to the counsel for Government with whom he has been in communication about this matter. Such service doesn't substitute for the requirements of formal service but is instead intended only to provide the Government notice and an opportunity to be heard at this initial juncture.

This matter is SET for hearing to address the show cause order for November 10, 2025, at 3:30 pm.

The parties may jointly request brief resetting, if necessary and agreed.

SO ORDERED.

Signed on November 5, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge