United States District Court
Southern District of Texas
**ENTERED**
December 11, 2025
Nathan Ochsner, Clerk

# United States District Court
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| Mustafa Iqbal, | § | Civil Action No. |
| Petitioner, | § | 4:25-cv-05217 |
| | § | |
| | § | |
| versus | § | Judge Charles Eskridge |
| | § | |
| | § | |
| Paul McBride, *et al*, | § | |
| Respondents. | § | |

## Order

Petitioner Mustafa Iqbal filed a petition for writ of *habeas corpus* on October 31, 2025. Dkt 1. He was born in Qatar but is a national and citizen of Pakistan. Id at ¶15.

Respondents are sued in their official capacity as officers or employees of the United States and are collectively referred to as *the Government*. Pending also is its response and motion for summary judgment. Dkt 15.

The motion by the Government establishes the following facts as undisputed:

- o Petitioner was previously taken into ICE custody on March 5, 2009.
- o He was ordered removed to Quatar or alternatively to Pakistan on May 21, 2009.
- o He remained in ICE custody until December 15, 2009, when he was released on an order of supervision.
- o He was taken back into custody on October 30, 2025.
- o He remains in custody.

Dkt 15 at 2–3.

Petitioner challenges his detention under the INA and the Due Process Clause of the Fifth Amendment. Dkt 1 at ¶¶26–30. He asserts that the Government has been "unable or unwilling" to remove him since the order of removal entered in 2009. Id at ¶19. And he argues that this demonstrates that the Government cannot remove him presently. Id at ¶21. He also notes that he is "not a danger to the community or a flight risk." Id at ¶22.

Such statements are construed as arguments under the constitutional constraints on detention pending removal recognized in *Zadvydas v Davis*, 533 US 678 (2001). The Supreme Court there interpreted 8 USC §1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about the alien's removal from the United States." Id at 689. And it held in that regard that post-removal-period detention for six months is "presumptively reasonable." Id at 701. It further held that, after such six-month period, "once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Ibid.

The Government contends that Petitioner "has not even been held for 90 days, let alone six months." Dkt 15 at 5. It thus appears to take the position that the presumptively reasonable six-month period of detention restarted when Petitioner was re-detained in October 2025.

The undersigned has recently decided in a similar action that a uniform rule that counts and sums prior time in post-removal-order detention is appropriate, given (i) the liberty interest at issue, and (ii) the continuing ability of the Government to justify detention with individualized evidence as to likelihood of removal. See *Abuelhawa v Noem*, 2025 WL 2937692, *5 (SD Tex). The reasoning of that decision is also adopted here for all purposes.

Petitioner has made his initial showing of good reason to believe that no significant likelihood of removal exists.

The Government requested travel documents from Pakistan in 2009, but none have ever been received. Dkt 1 at ¶¶15–21. He has also never been removed despite an order to that effect over a decade ago. Good reason thus exists to believe that he will not be removed in the reasonably foreseeable future.

The Government has failed to rebut this showing with individualized evidence. It attaches to its motion an affidavit from Crystal Salinas, a deportation officer responsible for communicating with consulates and embassies of countries to repatriate citizens of those countries ordered removed from the United States. Dkt 15-1 at ¶¶1–3. She is assigned to handle Petitioner's case. Id at ¶7. She states that the Government sent a travel document request on November 24, 2025. Id at ¶33. And she states that ICE is "actively working with the Embassy of Pakistan and the Department of State in issuing a travel document." But she gives no indication that any such issuance is likely in the reasonably foreseeable future. Nor does she provide any indication whether Pakistan has at any recent time issued travel documents in similar circumstances. The Government thus fails to rebut Petitioner's showing of good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

*   *   *

The motion by the Government for summary judgment is DENIED. Dkt 15.

The petition by Petitioner Mustafa Iqbal for writ of *habeas corpus* is GRANTED. Dkt 1.

It is hereby ORDERED that (i) Respondents in this action are ENJOINED from further holding Petitioner in custody, and (ii) they are COMPELLED to return him immediately to the conditions of his preexisting order of supervision.

It is further ordered that they must accomplish this by no later than 3:00 p.m. on December 12, 2025.

For the avoidance of doubt, while Petitioner remains on supervised release, nothing prevents Respondents from re-

detaining and removing him if proper travel documents are secured and there is a significant likelihood of his removal in the reasonably foreseeable future to Pakistan or an alternative third country after the proper evaluation of any credible fear claim has been made per the applicable regulations.

SO ORDERED.

Signed on December 11, 2025, at Houston, Texas.

*CREskridge*
Honorable Charles Eskridge
United States District Judge